UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIO ANTONIO LEMUS,<br><br>　　　　　　　Petitioner,<br>v.<br>TIMOTHY GARRETT, *et al*.,<br><br>　　　　　　　Respondents. | Case No. 3:21-cv-00425-RCJ-CLB<br><br>**ORDER** |

Petitioner Mario Antonio Lemus filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1-1) ("petition"). This matter is before the Court on Lemus's motion for relief from judgment or order brought under Rule 60(b)(1) of the Federal Rules of Civil Procedure (ECF No. 8). For the reasons discussed below, the motion for relief from the judgment will be granted. The Court will direct that the petition and motion for appointment of counsel be docketed and served on Respondents and will deny the motion for appointment of counsel.

**I.     Motion for Relief from Judgment**

According to Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . mistake, inadvertence, surprise, or excusable neglect . . . ." A motion for relief from the judgment under Rule 60(b) "is proper when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings'." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A Rule 60(b) motion must be filed "within a reasonable time," but a party seeking relief for reasons (1), (2), or (3) must file the motion no later than one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1).

On September 22, 2021, Lemus filed the petition, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. (ECF No. 1). He subsequently filed a financial certificate in support of his IFP application. (ECF No. 3.) On January 14, 2022, the Court

determined Lemus did not qualify to proceed IFP and ordered Lemus to pay the standard $5.00 filing fee within 45 days of the date of that order, i.e., by February 28, 2022. (ECF No. 4.) On March 29, 2022, the Court dismissed the petition without prejudice as the docket for this action did not reflect payment of the filing fee. (ECF No. 7.) On April 18, 2022, Lemus filed the instant motion for relief from the judgment or order under Rule 60(b)(1) contending he timely paid the filing fee. (ECF No. 8). According to receipts that Lemus submitted in support of his motion, Lemus paid the standard filing fee on February 25, 2022. (ECF No. 8 at 6, 8.) The Court has investigated the matter and discovered Lemus paid the filing fee as reflected in his receipts.

The Court finds Lemus filed his motion for relief from the judgment within a reasonable time after the filing of the judgment and that he is entitled to relief from the judgment entered on March 29, 2022 (ECF No. 7) due to mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). The Court will therefore grant the motion (ECF No. 8) and vacate the March 29, 2022, judgment (ECF No. 7).

## II. Review Under Habeas Rule 4

Because the Court will vacate the March 29, 2022, judgment, the Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition will be served upon Respondents and will require a response.

A petition for federal habeas corpus should include all claims for relief of which Lemus is aware. If Lemus fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. If Lemus is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend the petition to add the claim.

## III. Motion for Appointment of Counsel

Lemus's motion for appointment of counsel (ECF No. 1-2) will be denied. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2)

2

(authorizing appointment of counsel "when the interests of justice so require"). Counsel must only be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Lemus's petition appears sufficiently clear in presenting the issues that he wishes to raise, and the legal issues are not particularly complex. Lemus has demonstrated sufficient ability to write and articulate his claims, has followed the Court's instructions to pay the filing fee in a timely manner, and has presented a motion for relief from the judgment. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Lemus has made no showing as to why denial of counsel would amount to a denial of due process and the Court finds counsel is not otherwise warranted in this case.

**IT IS THEREFORE ORDERED**:

1. Lemus's motion for relief from the judgment order (ECF No. 8) is GRANTED.
2. The Clerk of the Court is directed to VACATE the judgment entered on March 29, 2022 (ECF No. 7).
3. The Clerk of the Court is directed to add an entry in the docket for this action reflecting Lemus's payment of the standard $5.00 filing fee on February 25, 2022.
4. Lemus's motion for appointment of counsel (ECF No. 1-2) is DENIED without prejudice.
5. The Clerk of the Court is directed to add Aaron D. Ford, Attorney General for the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General.
6. Respondents will have **60 days** from the date on which the petition is electronically served upon them to appear in this action and answer or otherwise respond to the petition. If Respondents file an answer, Lemus will have **60 days** to file a reply to

|   |   |   |
|---|---|---|
| | | the answer. In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim. |
| | 7. | If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice for the United States District Court for the District of Nevada. |
| | 8. | If Lemus wishes to move for leave to conduct discovery, Lemus must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Lemus before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Lemus's reply. Thereafter, Lemus will have 20 days to file a reply in support of the motion for leave to conduct discovery. |
| | 9. | If Lemus wishes to request an evidentiary hearing, Lemus must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Lemus before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Lemus files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Lemus's reply. Thereafter, Lemus will have 20 days to file a reply in support of the motion for an evidentiary hearing. |
| | 10. | All procedural defenses raised by Respondents, including exhaustion, must be |

raised in a single consolidated motion to dismiss. The Court does not wish to address any procedural defenses in seriatim fashion in multiple successive motions to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

11. The parties must redact personal-data identifiers in all documents filed with the Court as required by LR IC 6. Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and be filed with a separate index of exhibits identifying the exhibits by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—i.e., the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). Paper copies of any exhibits over 50 pages—for this case— must be appropriately bound, tabbed, and delivered to the Reno Clerk's office. *See* LR IA 10-3(i); LR IC 2-2(g). Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

DATED this 30th day of November 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE