# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIO ANTONIO LEMUS,<br><br>                Petitioner,<br>v.<br><br>TIMOTHY GARRETT, *et al.*,<br><br>                Respondents. | Case No. 3:21-cv-00425-RCJ-CLB<br><br>**ORDER** |

Petitioner Mario Antonio Lemus, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus (ECF No. 6) under 28 U.S.C. § 2254. Before the Court is Respondents' Motion to Dismiss (ECF No. 22) and Motion for Leave to File Document (ECF No. 26) as well as Petitioner's Motion for Appointment of Counsel (ECF No. 28). The Court will grant appointment of counsel, allow Petitioner to file a counseled amended petition, and deny the respondents' motion to dismiss without prejudice.

## I. Background

Petitioner challenges a 2018 judgment of conviction and sentence entered by the Second Judicial District Court for Washoe County. The state court entered a judgment of conviction for multiple counts of sexual assault against child under sixteen and one count of lewdness with child under fourteen and sentenced him to an aggregate term of 105 years to life with parole. Respondents now move to dismiss Grounds 1 and 2 as not cognizable and argue that Grounds 3 and 4 should be consolidated. ECF No. 22. Petitioner failed to file a response to Respondents' motion to dismiss and the time to do so has expired.

## II. Discussion

### a. Appointment of Counsel

Petitioner seeks the appointment of counsel to assist him in this habeas action. There is

no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the appointment of counsel is in the interests of justice. Petitioner is serving a lengthy sentence in the aggregate. His motion represents that another inmate assisted Petitioner in filing his petition and motion for appointment of counsel. ECF No. 30. He further represents that Petitioner has poor reading and writing skills in the English language. ECF No. 28. Upon review of the state court record, as well as new details provided in the renewed motion, the Court finds that appointment of counsel is in the interests of justice. Accordingly, the Court grants Petitioner's motion for appointment of counsel and provisionally appoints the Federal Public Defender's Office as counsel.

   b. **Motion to Dismiss**

Because the Court will appoint counsel and grant Petitioner leave to file an amended petition, the Court denies the respondents' motion to dismiss without prejudice.

   c. **Motion for Leave to File Document**

The respondents seek leave to file under seal one document in the index, Exhibit 98, Petitioner's presentence investigation report ("PSI") (ECF No. 27-1), dated July 9, 2018. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a

compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' motion to seal is granted and Exhibit 98 is considered properly filed under seal.

### III.  Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Mario Antonio Lemus's Motion for Appointment of Counsel (ECF No. 28) is granted.
2. Respondents' Motion to Dismiss (ECF No. 22) is denied without prejudice.
3. Respondents Motion for Leave to File Document (ECF No. 26) is granted.
4. The Federal Public Defender is provisionally appointed as counsel and will have until 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 90 days from entry of the formal order of appointment.
5. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).
6. The Clerk of Court will SEND a copy of this order to the *pro se* petitioner, the

Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk will further provide the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing or through such other means as is expedient for the Clerk.

DATED this 12th day of October 2023.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE