UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO ANTONIO LEMUS,<br><br>Petitioner,<br>v.<br>TIMOTHY GARRETT, *et al*.,<br><br>Respondents. | Case No. 3:21-cv-00425-MMD-CLB<br><br>ORDER |

## I. SUMMARY

Petitioner Mario Antonio Lemus, a Nevada state prisoner, filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 42.) This habeas matter is before the Court on Respondents' motion to dismiss (ECF No. 45 ("Motion").) For the reasons discussed below, Respondents' Motion is granted, in part, and denied, in part.

## II. BACKGROUND

Lemus challenges a 2018 conviction and sentence imposed by the Second Judicial District Court for Washoe County. Following a jury trial, the state court entered a judgment of conviction for three counts of sexual assault against a child under 14 and one count of lewdness with a child under the age of 14. (ECF No. 25-3.) The state district court sentenced Lemus to an aggregate term of 105 years to life. (*Id*.) The Nevada Supreme Court affirmed the judgment of conviction. (ECF No. 25-52.)

Lemus did not file a state habeas petition seeking post-conviction relief. He initiated this federal habeas action. (ECF No. 1-1.) The Court dismissed his federal habeas petition without prejudice for failure to follow the Court's order instructing him to pay the filing fee. (ECF Nos. 4, 7.) Following his motion for relief from judgment, the Court

vacated the judgment. (ECF No. 10.) Following appointment of counsel, Lemus filed his amended petition raising five grounds for relief. (ECF Nos. 31, 42.) Respondents move to dismiss Grounds 2 and 3 as duplicative, Ground 4 as noncognizable, Grounds 5(a) and 5(b) as untimely, Grounds 1, 4, 5(a), and 5(b) as unexhausted, and Grounds 5(a) and 5(b) as procedurally barred. (ECF No. 45.)

### III. DISCUSSION

#### A. Duplicative

In Ground 2, Lemus alleges that the reasonable doubt jury instruction at trial violated his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 42 at 14.) In Ground 3, he alleges that he was precluded from presenting his theories of defense through jury instructions and argument in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (*Id*. at 19.) He asserts that his objections to the reasonable doubt definition were supported by corollary proposed jury instructions that articulated Lemus's theory of the case, which the state district court denied. (*Id*. at 19-20.)

Respondents argue that Ground 2 should be dismissed as duplicative because the argument that the reasonable doubt instruction is unconstitutional is encompassed within Ground 3. (ECF No. 45 at 7.) Lemus argues that Ground 2 only involves the constitutionality of the reasonable doubt instruction while Ground 3 contains allegations of state district court errors and its implications on his trial. (ECF No. 50 at 11.) Although Ground 2 and 3 are closely related, the Court does not find that the claims and their supporting arguments are duplicative. Accordingly, the Court denies Respondents' Motion to dismiss Ground 2 as duplicative.

#### B. Cognizability

In Ground 4, Lemus alleges that he was prejudiced by the cumulative errors raised on direct appeal. (ECF No. 42 at 26.) Respondents assert that Ground 4 should be dismissed because cumulative errors claims are not cognizable on federal habeas review, citing decisions from other circuits. (*Id*. at 13-14.) They acknowledge that the Ninth Circuit Court of Appeals has recognized cumulative error habeas claims but assert that "in the

absence of Supreme Court precedent," this claim is not clearly established by federal law. (*Id*. at 14.) The Court, however, is bound by the Ninth Circuit's interpretation, and therefore finds Ground 4 is cognizable. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair.") (cleaned up) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)); *see also Michaels v. Davis*, 51 F.4th 904, 935 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051 (9th Cir. 2021) (same). The Court denies Respondents' Motion to dismiss Ground 4 as noncognizable.

### C. Relation Back

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). An untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." *Id*. "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id*. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *See Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts."). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

3

The Court is "obligated to 'liberally construe[ ] documents filed *pro se*,'" like Lemus's original petition. *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (en banc).

In Ground 5(a), Lemus alleges trial counsel rendered ineffective assistance for failure to investigate and call witnesses in support of the motion to dismiss charges and disqualify the prosecution. (ECF No. 42 at 27-29.) Lemus asserts that Ground 5(a) arises out of the conduct, transaction, or occurrence set forth in Ground 2 of his *pro se* petition, regarding the prosecution's misconduct in issuing misleading subpoenas, as well as Ground 1 of his *pro se* petition, regarding his motion to dismiss or disqualify counsel. (ECF No. 50 at 6.) He contends that the facts underlying Ground 5(a) do not differ in time and type as those included in his *pro se* petition and that they are tied to a common core of operative facts. (*Id*. at 7.) The Court finds that Ground 5(a) of the first amended petition, while presenting a different legal theory, is tied to the same core of operative facts as alleged in Lemus's timely-filed *pro se* petition. *See, e.g.*, *Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (ineffective assistance claim based on failure to raise double jeopardy related back to timely-raised substantive double jeopardy claim), *abrogation on other grounds recognized by Ross v. Williams*, 950 F.3d at 1168. Accordingly, Respondents' Motion is denied as to Ground 5(a).

In Ground 5(b), Lemus alleges trial counsel rendered ineffective assistance for failure to cross-examine the State's critical expert witness, Dr. Kristin McLeod. (ECF No. 42 at 19-31.) Lemus asserts that although Dr. McLeod is not specifically named in his *pro se* petition, his allegations relate to insufficient evidence and reasonable doubt in Grounds 3 and 4 of his *pro se* petition. (ECF No. 50 at 8-9.) He further asserts that he cites to the transcript of this specific day of trial wherein counsel failed to cross-examine Dr. McLeod in his *pro se* petition. (*Id*.)

Even liberally construing the *pro se* petition, the Court finds that Ground 5(b) does not relate back because the claim does not arise from the same core operative facts as any claim identified in the *pro se* petition. The facts underlying the claims asserted in his *pro se* petition are different in type from the core facts underlying his theory of ineffective

assistance of counsel based on a failure to cross-examine a critical expert witness. *See Mayle*, 545 U.S. at 650. Even though Lemus refers to the transcript of the day of trial where Dr. McLeod testified in his *pro se* petition, he does not assert any factual allegations relating to his claim in Ground 5(b). *Ross* made clear that, for relation back, facts found in documents attached to, and incorporated into, an original petition must support a claim asserted in that petition. *See* 950 F.3d at 1167 ("If a petitioner attempts to set out habeas claims *by identifying specific grounds for relief in an original petition* and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back.") (emphasis added); *see also id.* at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back."). Accordingly, Ground 5(b) does not relate back and is dismissed as untimely.

### D. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *see also*

5

*Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

### 1. Ground 1

In Ground 1, Lemus alleges that the State engaged in coercive and unethical tactics by misusing and misrepresenting subpoenas in violation of his due process right to a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 42 at 8.) Respondents argue that Lemus presented this claim on direct appeal as a state-law claim and his references to *Chapman v. California*, 386 U.S. 18 (1967) and *Arizona v. Fulminate*, 499 U.S. 279 (1991) did not exhaust his claims as federal violations. (ECF No. 55 at 5.) Lemus raised the claim on direct appeal that the district court erred in denying his motion to disqualify prosecution counsel based on the language used in subpoenas to witnesses to testify at trial. (ECF No. 25-31 at 36-40.) In his brief on appeal, Lemus cites federal authority when discussing the harmless error doctrine, but such citations do not federalize the underlying substantive claim. The Court finds that Lemus did not present this claim as a federal constitutional claim in his direct appeal. Accordingly, Ground 1 is unexhausted.

### 2. Ground 4

Respondents argue that Lemus' cumulative error claim is unexhausted because, while Lemus raised a cumulative error claim on direct appeal, material portions of the cumulative error claims are unexhausted, and the state appellate court did not review the same claims cumulatively. (ECF No. 55 at 6.) The Court finds that to the extent his underlying claims have been exhausted, so too has his cumulative error claim.

### E. Technical Exhaustion and Anticipatory Default

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th

Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id*.

Respondents argue that Grounds 5(a) and 5(b) are procedurally barred. Lemus asserts that he can demonstrate cause and prejudice to overcome the procedural default of Grounds 5(a) and 5(b). The Court will address only Ground 5(a) as the Court already determined Ground 5(b) is untimely. *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

Lemus acknowledges that Ground 5(a) was not presented to the state courts but argues the claim is technically exhausted. A claim is technically exhausted if it is procedurally defaulted. The record must reflect that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotation marks omitted). The state procedural bars that would be implicated here are the one-year time bar and the bar against second or successive petitions. *See* NRS. §§ 34.726, 34.810. These procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of actual innocence. The standards state courts apply are substantially the same as the standards federal courts apply. *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).

In most cases, this Court has rejected petitioners who claimed technical exhaustion by procedural default while also claiming that they could establish cause and prejudice or actual innocence to excuse that default. On one hand, if a petitioner had an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner could not establish that "it is clear that the state court would hold the claim procedurally barred," and the ground would not be technically exhausted. *Sandgathe*, 314 F.3d at 376. On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be

technically exhausted but also subject to dismissal as procedurally defaulted.

The Nevada Supreme Court has declined to recognize cause under *Martinez v. Ryan*, 566 U.S. 1 (2012), as cause to overcome a state-law procedural bar. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). So, a Nevada habeas petitioner who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Although Lemus cites *Martinez*, he does not set forth an argument under *Martinez*, ostensibly because he did not initiate a state postconviction habeas proceeding. Lemus asserts that "the only avenue available for … Ground 5(b) to be heard is in this Court," because he cannot meet the test for actual innocence and because he does not assert a *Brady/Napue* claim,[1] he cannot avoid dismissal of Ground 5(b) in state court. (ECF No. 50 at 17.)

The general cause and prejudice standard in Nevada state court, however, is not limited only to an argument based on the merits of *Brady* or actual innocence. Again, to establish technical exhaustion, Lemus must establish that the state courts would not consider the cause and prejudice argument that he seeks to pursue in federal court. Lemus has not established that critical point here. His arguments seek to overcome the procedural default ultimately under the same long established general cause and prejudice standards that apply in both federal court and Nevada state court.

Absent a showing that he is relying on an argument to overcome a procedural default that the Nevada state court will not consider, such as a *Martinez*-based argument, Lemus does not establish technical exhaustion by procedural default in this context. Lemus has not made such a showing here. Accordingly, Ground 5(a) is not technically exhausted by procedural default, and therefore remains unexhausted.

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

8

### F. Lemus' Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 1 and 5(a) are unexhausted. Because the Court finds that the petition contains unexhausted claims, Lemus has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

If Lemus wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Lemus to reply. Or Lemus may file a declaration voluntarily abandoning his unexhausted claims, as described above. Lemus's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Lemus is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV. CONCLUSION

It is therefore ordered that Respondents' Motion (ECF No. 45) is granted, in part, and denied in part. It is granted as follows: (1) Grounds 1 and 5(a) are unexhausted; and (2) Ground 5(b) is dismissed as untimely. It is denied as to Grounds 2, 3 and 4.

It is further ordered that Lemus has 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Lemus chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

Failure to timely comply with this order will result in the dismissal of Lemus's mixed petition without further advanced notice.

DATED this 19th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE